IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge Gudrun J. Rice

Criminal Case No.:   12-mj-00024-GJR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YARON SEGAL,

    Defendant.

---

## ORDER OF DETENTION

    This matter was before the court for preliminary and detention hearing on April 3, 2012 on a complaint and arrest warrant.  Michelle Heldmyer, Assistant United States Attorney, represented the government and Richard Kornfeld represented defendant, who was present.  Th court heard the testimony of ICE-Homeland Security Special Agent Vanessa Hipps.  The court took judicial notice of the criminal complaint and supporting affidavit and the Pretrial Services Report prepared by Sherrie L. Blake, pretrial services and probation officer, who was also present.

    Defendant waived preliminary hearing and consented to a finding of probable cause with regard to the two offenses set forth in the criminal complaint.

    In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure the appearance of the defendant as required and the safety of any other person and the community.

    If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, or if the defendant is charged with a crime of violence, or certain crimes against minors, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

    The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the

following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

  (1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime involving a minor, or a crime of violence or a crime involving a narcotic drug;

  (2) the weight of the evidence against the person;

  (3) the history and characteristics of the person, including –

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

  (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

 The court has considered the testimony, the arguments of counsel, the file and the pretrial services report. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

 First, defendant has been charged with traveling with intent to engage in illicit sexual conduct in violation of 18 U.S.C. §2423(b) and with travel with intent to engage in a sexual act with a child under twelve years of age, in violation of Title 18 U.S.C. § 2241(c). Subject to rebuttal by defendant, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if there is probable cause to believe that defendant committed an offense involving a minor victim under section 2241. Due to the nature of the charge, the rebuttable presumption that defendant should be detained applies. Were defendant to be convicted of a violation of Title 18 U.S.C. § 2241(c) the penalty is no less than 30 years imprisonment up to a maximum of life imprisonment.

 Second, I found probable cause based on the sworn testimony of Agent Hipps as set forth in the affidavit attached to the complaint, of which I have taken judicial notice. Furthermore, defendant waived probable cause hearing and confessed probable cause.

Third, according to the pretrial services report, defendant was born in Israel in 1981. Both his parents are deceased. Defendant is single and has never married. He has no children. He lives in a rented apartment in Cambridge, MA. He has two older sisters, one of whom lives in the United States and works at the Israeli Embassy in Washington, D.C. Her visa will expire in August 2013. Defendant's other sister lives in Israel.

Defendant graduated from high school in Israel, obtained a Bachelor's degree in Physics from the Tel Aviv University in Israel and earned his doctorate in Applied Physics at Yale University. Defendant served in the Israeli Military from 2000 to 2003. He has a passport, issued in 2005 which will expire in 2015. He has traveled to France, England, Germany, Spain, Italy and Russia. Defendant's passport was confiscated at the time of his arrest.

Defendant is a citizen of Israel. He came to the United States in 2006 on a student visa that was extended to an employment visa. Defendant is employed by the Massachusetts Institute of Technology in Cambridge, MA as a postdoctoral researcher. It is unknown if defendant will continue to be employed by MIT as a result of the pending charges. Defendant's long term plans do not include staying in the United States permanently and he has been offered an employment opportunity in Israel.

The Department of Homeland Security has filed a detainer on the defendant.

Defendant drinks alcohol socially and denies the use of illegal substances. His physical health is good.

Defendant has no criminal history in the United States or in Israel.

Defendant has substantial financial resources in Israel including owning an apartment in Israel.

As a result, after considering defendant's considerable financial resources, the fact that he could be facing a minimum of 30 years to life imprisonment in the United States, his Israeli citizenship, his lack of contact with the District of Colorado and his tenuous continued contact with the District of Massachusetts, his frequent travel to other countries outside the United States, the fact that he has very little family in the United States, just one sister whose visa will expire in 2013, and the fact that he owns property in Israel and has a sister living in Israel, I do find defendant to be a flight risk. There is no condition or combination of conditions under which I could release defendant and assure his continued appearance before the court. Furthermore I find that defendant has not rebutted the presumption that no condition or combination of conditions will assure the safety of the community. I find that the rebuttable presumption that defendant be detained has not been rebutted.

Accordingly, it is hereby

**ORDERED** that defendant is a flight risk and is to be **detained** pending further proceedings.   It is further

**ORDERED** that defendant shall be committed to the custody of the Attorney General or his designee for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal.  It is further

**ORDERED** that defendant shall be afforded reasonable opportunity for private consultation with counsel.  It is further

**ORDERED** that upon an order of a court of the United States, or upon request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with any Court proceeding in this matter.

Dated April 3, 2012.

BY THE COURT:

s/ Gudrun J. Rice
_____
Gudrun J. Rice
U.S. Magistrate Judge